UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X
**MARCO MOLINA.,**

        Plaintiff(s).

  -against-

**THE CITY of NEW YORK, POLICE OFFICER MEGAN BARONE, Shield No. 00657, POLICE OFFICER DOMENICO SCIBILIA and JOHN DOES 1 - 10.,**

        Defendant(s).
----------------------------------------------------------------------X

**ORDER**
**CV-10-4923 (ILG)(ALC)**

**All cases have been assigned to the Court's Electronic Case Filing Program. The parties shall file all future submissions electronically and will ONLY receive correspondence from the Court electronically. It is the responsibility of the parties to confirm that their contact information and e-mail addresses are correct at the time of filing the complaint or answer, as well as regularly monitor the status of their cases in order to avoid missing court appearances or deadlines set by the court.**

An initial conference will be held in this case at **10:00 a.m. January 28, 2011** before United States Magistrate Judge Andrew L. Carter, Jr., in Courtroom **N504, in the North Wing located on the 5TH floor** at 225 Cadman Plaza East, Brooklyn, New York. *Counsel for all parties must be present and report to the Courtroom upon arrival to the courthouse.*

**Plaintiff's counsel is requested to confirm with defendant's counsel that all necessary participants are aware of this conference.** In the event an answer has not yet been filed at the time this Order is received, plaintiff's counsel is to notify counsel for the defendant of this conference as soon as an answer is filed. Plaintiff's counsel is to notify the undersigned, **in writing**, at least two days before the scheduled conference if an answer still has not been filed. **Requests for adjournments will not be considered unless made in accordance with Chambers Individual Practices.**

**PRIOR TO THE CONFERENCE, THE PARTIES ARE TO COMPLY WITH THE REQUIREMENTS OF RULE 26(f) OF THE FED.R.CIV.P.** The parties shall meet at least five business days before the initial conference to discuss the matters specified in Fed.R.Civ.P. 26(f) and 16(b); counsel shall also discuss (1) the scope of any anticipated electronic discovery, the preservation of

electronically stored data, and the cost of locating, maintaining and producing that data, and (2) whether any party will rely upon expert testimony, and if so, whether counsel are able to reach an agreement on how material exchanged between counsel and any expert witness will be treated, and in particular whether draft expert reports and written and electronic communications between expert witnesses and counsel will be retained.  No written report or discovery plan required by Rule 26(f) need be filed with the Court, but **the attached questionnaire must be completed and brought to the conference**.  At least two days prior to the conference, the parties shall also exchange the names and, if known, the addresses and telephone numbers of persons who are likely to have knowledge of discoverable information relevant to disputed facts, and comply with the automatic disclosure requirements in Rule 26(a)(1) of the Federal Rules of Civil Procedure.

At the initial conference, counsel shall be **fully prepared** to discuss this matter and any questions regarding this case, including jurisdiction, venue, schedules for discovery and for trial, and settlement. Counsel shall be prepared to stipulate to facts as to which there is no genuine dispute: e.g., the time and place of events which are the subject of the litigation, the owners and operators of the instrumentalities or property involved, the status of the parties, the extent of any insurance coverage and whether required administrative procedures have been followed, required notices given, and reports made.

**SO ORDERED.**

**Dated: Brooklyn, New York
       November 19, 2010**

                                          **ANDREW L. CARTER , JR.**
                                          **UNITED STATES MAGISTRATE JUDGE**

# **INITIAL CONFERENCE QUESTIONNAIRE**

1. Date for completion of automatic disclosures required by Rule 26(a)(1) of the Federal Rules of Civil Procedure, if not yet made: _____

2. If additional interrogatories beyond the 25 permitted under the federal rules are needed, the maximum number of: plaintiff(s) _____ and defendant(s) _____

3. Number of depositions by plaintiff(s) of:   parties _____ non-parties _____

4. Number of depositions by defendant(s) of:   parties _____ non-parties _____

5. Date for completion of factual discovery: _____

6. Number of expert witnesses of plaintiff(s): _____ medical _____ non-medical

    Date for expert report(s): _____

7. Number of expert witnesses of defendant(s): _____ medical _____ non-medical

    Date for expert report(s): _____

8. Date for completion of expert discovery: _____

9. Time for amendment of the pleadings by plaintiff(s) _____
   or by defendant(s) _____

10. Number of proposed additional parties to be joined by plaintiff(s) ___ and by defendant(s) ___ and time for completion of joinder: _____

11. Types of contemplated dispositive motions:  plaintiff(s): _____
                                                defendant(s): _____

12. Dates for filing contemplated dispositive motions:  plaintiff(s): _____
                                                        defendant(s): _____

13. Have counsel reached any agreements regarding electronic discovery? If so, please describe at the initial conference.

14. Have counsel reached any agreements regarding disclosure of experts' work papers (including drafts) and communications with experts? If so, please describe at the initial conference.

15. Will the parties **\***consent to trial before a magistrate judge pursuant to 28 U.S.C. §636(c)? (Answer no if any party declines to consent without indicating which party has declined.) Yes ___ No ___

---

\* **The fillable consent form may be found at** http://www.nyed.uscourts.gov/General_Information/Court_Forms/court_forms.html **and may be filed electronically upon completion prior to the initial conference, or, brought to the initial conference and presented to the Court for processing.**