UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

MARCO MOLINA,

                                      Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER
MEGAN BARONE (# 00657), POLICE OFFICER
DOMENICO SCIBILIA (# 6524), SGT. PATRICK
DIVERS (#1566), POLICE OFFICER JOSEPH
LAVIANO (#1739), POLICE OFFICER ANDREW
AMPLO (#03667) and POLICE OFFICER MICHAEL
SEPAR (#4545).

                                      Defendants.

-------------------------------------------------------------------- x

**FIRST AMENDED**

**COMPLAINT**

Jury Trial Demanded

10-CV-04923

## PRELIMINARY STATEMENT

1. This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on February 13, 2008, defendants falsely arrested plaintiff, used excessive force, made false allegations about him to Kings County District Attorney's Office and falsely testified before a jury in Kings County Criminal Court.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution.  Jurisdiction is conferred upon this

Court by 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

## PARTIES

4. Plaintiff is a resident of the State of New York, County of Queens.

5. The City of New York is a municipal corporation organized under the laws of the State of New York.

6. Megan Barone, Domenico Scibilia, Patrick Divers, Joseph Laviano, Andrew Amplo and Michael Separ (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. Barone, Scibilia, Divers, Laviano, Amplo and Separ are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

7. On February 13, 2008, at approximately 6:00 p.m. plaintiff was lawfully walking along Covert Avenue in Brooklyn, NY, having just left a friend's apartment.

8. Plaintiff was confronted by the defendants, who were not dressed in police uniforms. Defendants stopped plaintiff and proceeded to search him.

9. Plaintiff objected to his detention and explained that he was not engaging in any illegal activity. Defendants grabbed defendant and threw him up against a wall.

10. Plaintiff was unlawfully arrested and handcuffed.

11. Plaintiff was handcuffed excessively tight and placed inside of a police van. He sat in the police van handcuffed for two hours as the police drove around making other arrests. His complaints about the tight handcuffs were ignored.

12. Plaintiff was transported to the 83rd precinct and one of the defendants forced plaintiff to strip naked and subjected him to a body cavity search.

13. Later the next day plaintiff was transported to Kings County Central Booking to await arraignment.

14. While plaintiff was incarcerated, defendants prepared police reports falsely stating that plaintiff committed the crime of Criminal Possession of a Controlled Substance.

15. Plaintiff was arraigned in Kings County Criminal Court and bail was set at $1000. His family posted bail for him.

16. Plaintiff made numerous court appearances over the next two years.

17. Plaintiff's case was tried before a jury in Kings County Criminal Court. Defendants Barone and Scibilia falsely testified that plaintiff committed the crime of Criminal Possession of a Controlled Substance.

18. Plaintiff was acquitted of all charges.

19. Plaintiff suffered damages as a result of defendants' actions. Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, anxiety, embarrassment, and humiliation. Further, plaintiff experienced contusions and abrasions to his face, elbow and injuries about his body.

### FIRST CLAIM (FALSE ARREST)

20. Plaintiff repeats the foregoing allegations.

21. No officer observed plaintiff commit a crime on February 13, 2008.

22. At no time on February 13, 2008, did plaintiff commit a crime.

23. Accordingly, defendants violated the Fourth Amendments because they arrested plaintiff without probable cause.

### SECOND CLAIM (UNREASONABLE FORCE)

24. Plaintiff repeats the foregoing allegation.

25. In the course of arresting plaintiff, the officers handcuffed plaintiff in an unreasonably tight manner and forcibly strip searched plaintiff.

26. This use of force was objectively unreasonable.

27. Accordingly, defendants violated the Fourth Amendment because they used unreasonable force on plaintiff.

### THIRD CLAIM (FABRICATION OF EVIDENCE)

28. Plaintiff repeats the foregoing allegations.

29. Defendants, pursuant to a conspiracy, falsely stated to the Kings County District Attorney's Office and falsely testified before a jury in Kings County Criminal Court that plaintiff had committed a crime.

30. Accordingly, defendants violated the Sixth Amendment for fabricating evidence against them and denying them a fair trial.

### FOUFTH CLAIM (FAILURE TO INTERVENE)

31. Plaintiff repeats the foregoing allegations.

32. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity to prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

33. Accordingly, the defendants who failed to intervene violated the Fourth Amendment.

## FIFTH CLAIM (MONELL CLAIM)

34. Plaintiff repeats the foregoing allegations.

35. The City of New York, through a policy, practice and custom, directly cause the constitutional violations suffered by plaintiff.

36. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

Compensatory damages in an amount to be determined by a jury;

Punitive damages against the individual defendants in an amount to be determined by a jury;

Costs, interest and attorney's fees;

Such other and further relief as the Court may deem just and proper.

DATED:   March 24, 2011

New York, New York

                                                                              /ss/  
CHRISTOPHER WRIGHT (CW-8079)  
Attorney at Law  
305 Broadway, 14th Floor  
New York, New York 10007  
(212) 822-1419