UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

MARCO MOLINA,

                              Plaintiff,

              -against-

THE CITY OF NEW YORK, POLICE OFFICER
MEGAN BARONE (# 00657), POLICE OFFICER
DOMENICO SCIBILIA (# 6524), SGT. PATRICK
DIVERS (# 1566), POLICE OFFICER JOSEPH
LAVIANO (# 1739), POLICE OFFICER ANDREW
AMPLO (# 03667) and POLICE OFFICER MICHAEL
SEPAR (#4545),

                              Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

10 CV 04923 (ILG)(ALC)

**JURY TRIAL DEMANDED**

------------------------------------------------------------------------

        Defendants City of New York, Detective Meagan Barone, and Detective Domenico Scibilia, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully allege, upon information and belief, as follows:[1]

        1.        Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to bring this action and proceed as stated therein.

        2.        Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to bring this action and invoke the jurisdiction of the Court as stated therein.

        3.        Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to base venue as stated therein.

---

[1] Upon information and belief, and upon a review of the docket sheet, Sergeant Patrick Divers, Police Officer Joseph Laviano, Police Officer Andrew Amplo, and Police Officer Michael Separ, have not yet been served with process in this matter.

4. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

5. Deny the allegations set forth in paragraph "5" of the complaint, except admit that the City of New York is a municipal corporation duly organized and operating under the laws of the State of New York.

6. Deny the allegations set forth in paragraph "6" of the complaint, except admit that Meagan Barone, Domenico Scibilia, Joseph Laviano, Andrew Amplo, and Michael Separ are New York City Police Detectives, and Patrick Divers is a New York City Police Sergeant.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the complaint.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that Detective Barone and Detective Scibilia were not dressed in police uniforms.

9. Deny the allegations set forth in paragraph "9" of the complaint.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that Plaintiff was arrested on February 13, 2008.

11. Deny the allegations set forth in paragraph "11" of the complaint, except admit that Plaintiff was placed in a police van.

12. Deny the allegations set forth in paragraph "12" of the complaint, except admit that Plaintiff was transported to the 83rd precinct.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint, except admit that Detective Barone and Detective Scibilia testified before a jury.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. In response to the allegations set forth in paragraph "20" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint.

24. In response to the allegations set forth in paragraph "24" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

32. Deny the allegations set forth in paragraph "32" of the complaint.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. In response to the allegations set forth in paragraph "34" of the complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer as if fully set forth herein.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. Deny the allegations set forth in paragraph "36" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE:**

37. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE:**

38. Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

39. Plaintiff may have failed to comply with conditions precedent to suit.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

40. Plaintiff may not seek punitive damages as against the City of New York.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

41. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendants.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

42. Plaintiff's claims may be barred, in whole or in part, by the applicable statue of limitations.

### AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

43. To the extent Plaintiff has stated any claims under state law, those claims may be barred by her failure to comply with New York General Municipal Law § 50 *et seq*.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

44. To the extent the Complaint alleges claims against the City of New York under state law, such claims are barred by the doctrine of immunity from judgmental errors in the exercise of governmental functions.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

45. There was probable cause for Plaintiff's arrest, detention, and any prosecution.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

46. Defendants Detective Meagan Barone and Detective Domenico Scibilia have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by qualified immunity.

**WHEREFORE**, defendants City of New York, Detective Meagan Barone, and Detective Domenico Scibilia request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
April 8, 2011

    MICHAEL A. CARDOZO
    Corporation Counsel of the
    City of New York
    Attorney for Defendants City of New York,
    Detective Meagan Barone, and Detective Domenico Scibilia
    100 Church Street – Rm. 3-195
    New York, New York 10007
    (212) 788-0987

    By:   /s/
           Kimberly M. Savino
           Assistant Corporation Counsel

To: Christopher Wright, Esq.
     Law Office of Christopher Wright
     Attorney for Plaintiff
     305 Broadway, Suite 1400
     New York, New York 10007 (by ECF)

Index No. 10 CV 04923 (ILG)(ALC)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

MARCO MOLINA,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, POLICE OFFICER MEGAN BARONE (# 00657), POLICE OFFICER DOMENICO SCIBILIA (# 6524), SGT. PATRICK DIVERS (# 1566), POLICE OFFICER JOSEPH LAVIANO (# 1739), POLICE OFFICER ANDREW AMPLO (# 03667) and POLICE OFFICER MICHAEL SEPAR (#4545),

                          Defendants.

**ANSWER TO THE FIRST AMENDED COMPLAINT**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City, Detective Meagan Barone, and Detective Domenico Scibilia*
*100 Church Street*
*New York, New York  10007*

*Of Counsel:  Kimberly M. Savino*
*Tel:  (212) 788-0987*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.............................................. , 2011..*

*....................................................................... Esq.*

*Attorney for ................................................................*